AO 92 (Rev.5/85) - Criminal Complaint

# United States District Court

_____NORTHERN_____ DISTRICT OF _____CALIFORNIA_____

UNITED STATES OF AMERICA

v.

David Louis Behar
Lindsay Robin Hogue
Tara Bergstrand, and
John Roger Lagace
(Name and Address of Defendant)

## CRIMINAL COMPLAINT

**FILED**

NOV 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 07- 70709
HRL

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _____November 29, 2007_____ in _____Santa Clara_____ county, in the _____Northern_____ District of _____California_____ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally conspire to possess with intent to distribute lysergic acid diethylamide, commonly known as LSD,

In violation of Title __21__ United States Code, Section(s) _841(a)(1), 841(b)(1)(B)(v), and 846____. I further state that I am a(n) ___Special Agent, DEA___ and that this complaint is based on the following facts.

### SEE ATTACHED AFFIDAVIT

**PENALTIES:** $2,000,000.00 fine, forty (40) years imprisonment with a minimum mandatory term of five (5) years imprisonment, $100.00 special assessment fee, and at least four (4) years of supervised release with no maximum.

APPROVED AS TO FORM: _____
                                ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__11/30/07__          at          San Jose, California
     Date                                    City and State

| DOCUMENT NO. | CSA's INITIALS |
|---|---|

Howard R. Lloyd
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

DISTRICT COURT
CRIMINAL CASE PROCESSING

# AFFIDAVIT OF MICHAEL K. ROBINSON IN SUPPORT OF COMPLAINT

## I. INTRODUCTION AND PERSONAL QUALIFICATIONS

I, Michael K. Robinson, being duly sworn, state as follows:

I am and have been a Special Agent of the United States Department of Justice, Drug Enforcement Administration (DEA) since June, 1997. I have received formal training at the Drug Enforcement Administration Basic Agent Training, Quantico, Virginia. The sixteen-week DEA Basic Academy included several hundred hours of comprehensive, formalized instruction in, but not limited to, basic narcotic investigations, drug identification, detection, interdiction, familiarization with United States narcotic laws, financial investigations and money laundering, identification and seizure of drug related assets, and undercover operations.

I have also completed a three-day money laundering course in San Jose, CA. This course included, but was not limited to, investigative techniques to detect structured bank account deposits, the use of dummy corporations to hide income, and methods traffickers use to commingle illegal proceeds with legal income.

Since August of 1997 I have been assigned to the DEA San Jose Resident Office. During this time, I have conducted or participated in more than 100 narcotics investigations, including conspiracies to distribute (21 U.S.C. § 846) LSD (Lysergic acid diethylamide) and the distribution of LSD (21 U.S.C. § 841).

I have spoken to, and worked with, more experienced federal, state, and municipal narcotics agents and officers. During the course of my employment as a DEA Special Agent, I have participated in numerous investigations of illicit drug trafficking organizations. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. These investigations include the unlawful importation, possession with intent to distribute, and distribution of controlled substances, as well as the related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities,

1

1  and conspiracies associated with criminal narcotics offenses, in violation of Title 21, United

2  States Code, §§ 841(a)(1) and 846.

3       I have participated in over 100 controlled substance investigations and have personally

4  been involved in the arrest of over 70 persons for controlled substance offenses. I have attended

5  several training schools and seminars involving narcotics investigations.

6       I make this affidavit in support of a criminal complaint against David Behar, Lindsay

7  Hogue, Tara Bergstand, and John Lagace for a violation of Title 21, United States Code, §§

8  841(a)(1), 841(b)(1)(B)(v) and 846, conspiracy to possess with intent to distribute Lysergic Acid

9  Diethylamide (also known as LSD).

10  ## II.  FACTS SUPPORTING PROBABLE CAUSE

11       The application for this complaint results from an investigation conducted by DEA agents

12  of an individual known as "Wavy Davy," later identified as David Louis Behar regarding the

13  distribution of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. §§ 841(a)(1),

14  841(b)(1)(B)(v) and 846.

15       On November 28, 2007, DEA agents debriefed a Confidential Source (CS) regarding the

16  LSD trafficking activities of "Wavy Davy," later identified as David Louis Behar and hereafter

17  referred to as David Behar. The CS's criminal history consists of a misdemeanor conviction for

18  possession of a controlled substance, and a second degree burglary felony conviction for which

19  he is currently on state probation. The CS will receive financial compensation from the Drug

20  Enforcement Administration (DEA) for his participation in this event. The CS reported to the

21  DEA that David Behar distributes several types of controlled substances, including,

22  Dimetyltryptamine (DMT), a Schedule I Controlled Substance and a hallucinogenic. The CS

23  described DMT as an "orange goo." At the instruction of the DEA agents, the CS negotiated the

24  purchase of five (5) grams of LSD in crystal form for a third party -- a DEA agent acting in an

25  undercover capacity -- from David Behar for $82,500.00 ($16,500.00 per gram) on November

26  29, 2007 . The CS later reported that David Behar informed the CS that David Behar was

27

28                   2

1  currently in San Francisco, California, and would need to travel to Santa Cruz, California to pick

2  up the five (5) grams of LSD in crystal form.

3      On November 29, 2007, DEA agents met with the CS and witnessed a series of phone

4  calls between the CS and David Behar. During these calls, the CS was instructed by DEA agents

5  to meet David Behar at the Home Depot Store located at 480 E. Hamilton Ave., Campbell,

6  California, ostensibly to allow the undercover agent to meet Behar. This location was agreed

7  upon because the location was on the way to Santa Cruz.

8      At approximately 11:27 a.m., agents established surveillance in the area of the Home

9  Depot Store parking lot. At this time, an agent observed a blue Dodge 4-door, later determined

10 to be a rental car, arrive in the parking lot. The agent then observed the CS drive alone into the

11 parking lot. A surveillance agent observed the CS meet with the driver of the Dodge, David

12 Behar. Agents witnessed the CS provide Behar with a number of music compact discs and a

13 bottle. The CS also spoke with the passenger of the Dodge, later identified as Lindsay Robin

14 Hogue and the girlfriend of David Behar. (A small infant, Behar's daughter, was in the back seat

15 of the vehicle.) Then, Lindsay Hogue exited the Dodge and met with David Behar and the CS.

16 Minutes later, two agents, working in an undercover capacity, drove a vehicle to the meeting.

17 The CS introduced David Behar to these agents. The undercover agents shook hands with David

18 Behar. David Behar introduced Lindsay Hogue and his infant daughter to the agents. The

19 undercover agents spoke to the CS, David Behar, and Lindsay Hogue. The CS asked if the

20 undercover agent had anything to show David Behar. One of the agents showed a Starbucks

21 paper bag containing $82,500.00 to David Behar. At this time, Lindsay Hogue was standing

22 within view of the undercover vehicle and in close proximity to David Behar. David Behar

23 viewed the $82,500.00, and asked if the currency was all in one-hundred dollar denominations.

24 The undercover agent confirmed that it was. David Behar then said, "That should be eighty..."

25 The CS said "$82,500.00." David Behar replied, "It's all good." David Behar then instructed the

26 CS to get a room. David Behar also said, "We'll get a room" and told the CS to follow him. The

27

28                                3

1    CS told David Behar that he/she will get a room, and call David Behar later. The undercover

2    agents left the area as the CS walked to his/her vehicle. Soon thereafter, the CS departed the

3    area, and David Behar, Lindsay Hogue and the infant drove away in the Dodge, driving south on

4    Highway 17 toward Santa Cruz and followed by agents.

5            While driving, David Behar called the CS, who was en route to a hotel. David Behar

6    asked the CS how long the CS had known one of the agents because the agents looked "too

7    clean." David Behar told the CS that he, David Behar, would just go grab "it" and have "it" by

8    the time the CS checked into a room.

9            At approximately 12:28 p.m., agents witnessed the CS receive an incoming call.

10   Following the call, the CS reported that David Behar had called the CS to say that he was

11   stopping at a "buddy's" house twenty minutes away from Santa Cruz.

12           At approximately 12:53 p.m., agents observed the Dodge park in the driveway of 811

13   Smith Road, Watsonville, California. At approximately 1:15 p.m., agents observed the Dodge

14   depart the driveway.

15           At approximately 1:16 p.m., the CS received another phone call. Following the call, the

16   CS informed DEA agents that David Behar told the CS that they would meet at the prearranged

17   hotel, known to be the Hampton Inn located at 1505 Ocean Street, Santa, Cruz, California in

18   twenty minutes. David Behar told the CS, "It's all there."

19           At approximately, 1:23 p.m., the CS arrived at the Hampton Inn. At approximately 1:51

20   p.m., agents observed the Dodge, driven by Lindsay Hogue, turn into the parking lot of the

21   Hampton Inn. David Behar exited the passenger side of the Dodge, and called the CS. He then

22   entered the passenger side of the CS's vehicle. The CS asked if David Behar got "it," referring to

23   the five (5) grams of LSD. In response, David Behar removed a small tinted glass bottle from his

24   sweatshirt pocket. The CS saw "flakes" in the bottle, and then made the predetermined "bust

25   signal." Upon the approach of law enforcement vehicles, David Behar asked the CS if the cars

26   were police, and whether the CS was "setting [him] up." Agents moved in and arrested David

27

28                                                    4

1   Behar. In searching David Behar, an agent removed the contents of David Behar's pockets onto

2   the pavement. David Behar then attempted to kick the aforementioned small tinted bottle under a

3   vehicle. Agents seized approximately $5,500.00 U.S. Currency from the purse of Lindsay

4   Hogue.

5           At approximately 3:25 p.m., other agents observed a vehicle, driven by a female, leave

6   the residence at 811 Smith Road, Watsonville, California, and followed it. Agents observed the

7   vehicle drive in a manner consistent with counter-surveillance techniques, e.g. the agents

8   observed the vehicle stop on the side of the road, the two occupants looked around, apparently to

9   determine whether or not they were being followed, and quickly made a U-turn. The vehicle was

10  then stopped by agents, who identified the driver as Tara Bergstrand. Tara Bergstrand informed

11  the agents that she lived at the residence located at 811 Smith Road, Watsonville, California.

12  Agents found approximately $900.00 on her person. In the center console of the vehicle, agents

13  located a document which appeared to be a record of monies paid out and owed in connection

14  with narcotics trafficking activities (a "pay/owe" sheet), reflecting amounts ranging from $2,500

15  to $11,200.00. Agents also located approximately $1,300.00 on the person of the passenger,

16  identified as John Roger Lagace. John Lagace requested to retrieve a jacket from the trunk of the

17  vehicle. In the jacket, agents located another possible "pay/owe" sheet. John Lagace informed

18  the agents that he lived with various "friends," and had been visiting the residence of 811 Smith

19  Road, Watsonville, California, for "the last couple of weeks," but did not own that residence.

20  John Lagace stated that a "little while ago" a male, a female, and a baby had come to the house.

21          At approximately 5:20 p.m., agents, fearing the destruction of evidence, entered the

22  residence, which was "frozen" in anticipation of the authorizing of a search warrant. Upon entry

23  into the residence, agents detected a strong smell of Marijuana. In plain view, agents observed

24  one plate in the kitchen and two plates in a bedroom all with various colors of "orange goo"

25  (believed to be DMT) on them.

26          At approximately 9:40 p.m., agents obtained a search warrant from the Honorable United

27

28                                              5

1    States Magistrate Judge Howard R. Lloyd authorizing the search of the residence located at 811

2    Smith Road, Watsonville, California, and duly searched the residence. They located marijuana in

3    various locations in the residence. In the closet of the master bedroom, where there was male

4    and female clothing, agents found a safe. Inside the safe, agents found a handwritten receipt

5    dated July 3, 2007, upon which was written "Received from Tara Bergstand $3,900 security

6    deposit and $2600 first month's rent for 811 Smith Road Watsonville, CA 95076 Tenancy to

7    start July 10, 2007." Agents also located documents in the name of John Lagace within the safe.

8    Agent further located approximately $6,000.00 in one hundred dollar bills, approximately nine

9    (9) gold coins and approximately three (3) silver bars in the safe. Agent further located several

10   small glass bottles of similar shape, size, and color as the bottle that was seized earlier on

11   November 29, 2007, during a law enforcement "buy/bust" operation for five (5) grams of LSD,

12   which is currently being tested. Each bottle retrieved from the safe contained a substance

13   believed to be a controlled substance. Also located in the safe was a box containing a digital

14   scale and black tape similar to the black tape wrapped on the bottle seized during the buy/bust

15   operation on November 29, 2007.

16       Based on my training and experience, I am aware that LSD is a very dangerous substance,

17   and is usually sold and ingested after it is applied to paper for individual doses. In crystal form,

18   LSD is very potent. Typically one gram of crystal LSD can create approximately one thousand

19   individual paper doses. Due to the high potency of LSD in crystal form, I believe testing crystal

20   LSD in the field is unsafe. For this reason, the investigating agents did not conduct a field testing

21   of the crystal LSD. Based on the arranged sale for the purchase of LSD, and the representations

22   of Behar, I believe there is probable cause to believe that the seized substance is in fact crystal

23   LSD. The seized crystal LSD will be transported to the DEA Laboratory for testing by trained

24   DEA Chemists.

25           **III.    CONCLUSION**

26       Based on the foregoing, I believe that there is probable cause to believe that David Behar,

27

28                                    6

1   Lindsay Hogue, Tara Bergstand, and John Lagace are each guilty of a violation of Title 21,

2   U.S.C., §§ 841(a)(1), 841(b)(1)(B)(v) and 846, conspiracy to possess with intent to distribute

3   Lysergic Acid Diethylamide (also known as LSD).  I therefore request the issuance of a criminal

4   complaint against  David Behar, Lindsay Hogue, Tara Bergstand, and John Lagace for this

5   offense.

6

7                                              _____
                                               Michael K. Robinson, Special Agent
                                               Drug Enforcement Administration
8

9   Subscribed and sworn to before me
    before me this _____ day of November 2007
10

11

12  _____
    HOWARD R. LLOYD
13  United States Magistrate Judge
    Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        7