JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-2695
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-00088-JW |
|     Plaintiff, ) | |
| ) | UNITED STATES' SENTENCING |
| v. ) | MEMORANDUM |
| ) | |
| LINDSAY ROBIN HOGUE, ) | |
| ) | Date: September 15, 2008 |
|     Defendant. ) | Time: 1:30 p.m. |

## **INTRODUCTION**

The United States hereby submits its sentencing memorandum in the above-referenced case. On February 21, 2008, before Magistrate Judge Trumbull, Ms. Hogue pled not guilty following arraignment on a three-count information charging her with one count of misprison of a felony in violation of 18 U.S.C. § 4. On April 29, 2008, before this court, Ms. Hogue changed her plea and pled guilty to count three of the information pursuant to a plea agreement. Ms. Hogue is scheduled to be sentenced on September 15, 2008. The government agrees with Probation Officer Aylin Raya's guideline calculation and sentencing recommendation of 18 months imprisonment.

## SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("USSG"), which are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the defendant's base offense level is 19. [PSR 8. USSG § 2X4.1] Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 16. [PSR 8.] In the plea agreement, the parties agreed to this adjusted offense level.

The government and the Probation Officer calculate that the defendant has two criminal history points, and therefore, falls into Criminal History Category II. [PSR 10.] An adjusted offense level of 16 when indexed with a Criminal History Category of II yields a guideline range of 24-30 months imprisonment. Probation Officer Raya recommends a sentence of 18 months imprisonment and a $100 special assessment. [PSR Addendum.] Probation Officer Raya also recommends that the defendant be placed on supervised release for one year and that no restitution be imposed. [PSR Addendum.]

The government has reviewed the presentence report and has no objection to the factual information contained therein. The government agrees with Probation Officer Raya's guideline calculation, and agrees that a reasonable and just sentence in this case would be 18 months in custody.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the defendant be sentenced below the low-end of the applicable guideline range, that is 18 months in custody, a term of supervised release of one year, no fine, and a $100 special assessment. Also, the defendant consented to the forfeiture of specified property in paragraph 10 of her plea agreement.

This defendant had full knowledge of the illegal activities (i.e. drug sales) of her co-defendants, she took affirmative steps to further the offense by driving co-defendant Behar to the sale, and she made no effort to notify law enforcement of the illegal activities. Furthermore, the defendant brought her eight-month old daughter both to a home she expected would contain substantial quantities of illegal drugs and to the actual drug deal. She demonstrated complete

disregard for the welfare of her child.

On the other hand, the defendant does not appear to have played a significant role in arranging the drug deal. Also, the father of her child, co-defendant David Behar, likely will serve a significant prison sentence. Therefore, a reduced prison sentence will shorten the period of time the child will be without either parent. The government does believe an 18 month prison sentence will serve to deter this defendant and others from future criminal conduct.

In particular, the government would highlight three of the § 3553(a) factors to support a below-guideline sentence: First, under (a)(1), the nature and circumstances of the offense, Ms. Hogue's role was limited compared to that of her fiancé, Mr. Behar. Ms. Hogue had full knowledge of the illegal transactions, drive the vehicle to the drug sale, and held a substantial quantity of cash in her purse. Second, under (a)(2), an 18-month sentence would reflect the seriousness of the offense. The drug conspiracy counts, both at mandatory minimum levels, certainly are serious offenses under (a)(2). But, when compared with those counts, the count Ms. Hogue is charged in, and in particular her role in the offense, is comparatively less serious. A below guideline sentence reflects this. Finally, under (a)(3) and (4), Ms. Hogue's criminal history (CHC II) is made up of two DUIs, the most recent one eight years ago. She had a child roughly one year ago and from all accounts changed her life in advance of the child's birth. She appears to maintain steady employment in the jewelry business. The government believes an 18 month sentence will serve both the general and specific deterrence needed.

DATED: September 8, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney


\_\_\_/s/_____
JEFFREY B. SCHENK
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 08-00088-JW**                 3